UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STANFORD HILL JR, <br><br> Plaintiff, <br><br> v. <br><br> CONSUMER PORTFOLIO SERVICES, INC, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT  4:18-cv-01370 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Stanford Hill Jr. ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Consumer Portfolio Services, Inc. ("Defendant" or "CPS") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and maintains significant business contacts in the Southern District of Texas.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is in the business of providing "indirect automobile financing to individuals with past credit problems," and then collecting upon defaulted automobile loan payments. Defendant's principal place of business is in Las Vegas, Nevada, and its registered agent is located at 19500 Jamboree Road, Irvine, California.

## FACTS SUPPORTING CAUSES OF ACTION

6. In 2015, Plaintiff purchased a 2009 Acura TL and financed his vehicle through CPS ("subject debt" or "subject loan").

7. In 2016, Plaintiff fell on difficult financial times, and subsequently fell behind on his payments.

8. Around July 2017, Plaintiff began receiving calls from CPS asking for payment of the subject loan.

9. Plaintiff began receiving these calls to his cellular telephone number, (214) XXX-4120.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

11. Around early August 2017, Plaintiff asked CPS to stop calling him, as he was having continued financial difficulty and could not keep up on the payments.

12. Around early October 2017, Plaintiff surrendered his car to CPS, as the car was worth only $7,000 and his finance plan would have totaled over $20,000 in payments.

13. The car also had trouble with the alternator, a problem Plaintiff had been forced to fix repeatedly since he first financed the car.

14. Even after surrendering the car, CPS continued to call Plaintiff, alleging that he owes around $8,000 on the subject loan.

15. In October 2017, Plaintiff *again* requested that CPS stop calling him.

16. Failing to acquiesce to Plaintiff's demand that it stop calling, Defendant continues to call plaintiff.

17. When Plaintiff is not able to answer the call, CPS leaves a voicemail.

18. Notwithstanding Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed no less than 36 harassing phone calls to Plaintiff's cellular phone between August 2017 and the present day.

19. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

20. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

21. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

22. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

23. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

24. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the automotive and debt collection industries to collect defaulted loans.

25. The phone number that Defendant most often uses to contact Plaintiff is (800) 842-9243, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

26. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

27. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

28. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

29. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to his cellular

telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

<u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

32. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

33. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

34. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

35. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

36. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

37. Defendant violated the TCPA by placing no less than 36 phone calls to Plaintiff's cellular phone between August 2017 and the present day, using an ATDS without his prior consent.

38. Any prior consent, if any, was revoked by Plaintiff's verbal revocations. Specifically, Plaintiff verbally revoked consent to be called in August 2017.

39. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

40. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

41. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

42. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

43. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff STANFORD HILL JR. respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

47. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

   a. **Violations of TDCA § 391.302**

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

49. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite his demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a

payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

50. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff STANFORD HILL JR. respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: April 30, 2018                          Respectfully Submitted,

/s/ Marwan R. Daher                      /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                   Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                        *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.               Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200    2500 South Highland Avenue, Suite 200
Lombard, IL 60148                         Lombard, IL 60148
Telephone: (630) 537-1770              Telephone: (630) 575-8141
mdaher@sulaimanlaw.com               osulaiman@sulaimanlaw.com